UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                   No.  18-CR-846-LTS

ANTHONY CHILDS,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Childs's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (docket entry no. 30), and the parties' subsequent briefing (docket entry nos. 32 and 34).  Mr. Childs seeks a reduction of his sentence to time served, and appointment of counsel for the purposes of this motion practice.  (Docket entry no. 34.)  The Court has reviewed all of the submissions carefully.

Mr. Childs seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-282).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-282).  As reflected in the transcript of Mr. Childs's sentencing hearing, the Court considered these factors in determining the sentence it imposed on May 30, 2019.  (Docket entry no. 29.)  Most of these factors remain unchanged.  The nature and circumstances of his offense remain very serious, as Mr. Childs pled guilty to conspiracy to possess ammunition following a felony conviction and the Court found that he had

---

[1]  Mr. Childs has exhausted his administrative remedies.  On December 29, 2020, Mr. Childs requested that the Warden of FCI Cumberland move to reduce his sentence based on the COVID-19 pandemic.  (Docket entry no. 30.)  On February 4, 2021, the Warden denied Mr. Childs's request.  (Id.)

induced a 17-year-old boy to shoot into a crowd, injuring five people.  (Id. at 21:21-25.)  The Court sentenced Mr. Childs to 60 months of imprisonment – the statutory maximum under the plea agreement, which was structured to avoid much higher potential statutory mandatory minimum sentences – followed by three years of supervised release.  (Docket entry no. 27.)  Mr. Childs has served approximately half of that sentence.

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Childs proffers that he has participated in a number of programs while incarcerated, that his family and dependents would benefit greatly from a reduced sentence of time served because he could resume caring responsibilities for his mother and child, and that COVID-19 poses a risk of infection and serious complications were he to serve the remainder of his sentence in custody.

Mr. Childs is 36 years of age and has no underlying medical conditions that the CDC has found to increase the risk of contracting or suffering severe complications from COVID-19.  (Docket entry no. 32, Exh. A); see People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited 4/8/21).  Furthermore, FCI Cumberland has taken steps to mitigate the risk posed by COVID-19, most notably by offering inmates a vaccine.  Mr. Childs refused the vaccine on March 1, 2021.  (Docket entry no. 32, Exh. A.)  His refusal to accept a risk-mitigating measure is relevant to whether the risk of infection he faces in custody is extraordinary and militates against finding that the degree of risk compels release.  Because Mr. Childs does not have any underlying health conditions and is not among the highest risk age groups, the risk of infection and serious complications posed by COVID-19 does not, standing

alone, present an extraordinary and compelling reason for a sentence reduction, particularly where he has refused to take available steps to mitigate that risk.

Nor does it present extraordinary and compelling reasons for release in connection with the positive changes in his personal history and characteristics that Mr. Childs has proffered in his motion. Mr. Childs has, commendably, engaged with educational programming while he has been in custody and has maintained a clean disciplinary record. He also raises another aspect of his personal circumstances, reporting that his mother has two serious medical conditions and that, were she to pass away, there would be no caregiver for Mr. Childs's young daughter. The Court commends Mr. Childs on his efforts to remain productive and to conduct himself responsibly while he serves his sentence and prepares for his eventual release. However, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t) (Westlaw through Pub. L. 116-282), and the fact that his family are facing health issues now and potential loss in the future is not an extraordinary situation. Mr. Childs' risk of contracting COVID-19, his self-improvement efforts and good behavior while in custody, and his family situation, which could possibly be improved if he were to be released, do not, individually or in combination, rise to the level of extraordinary and compelling reasons warranting a sentence reduction, especially when weighed in the context of the nature and circumstances of his crime and the risk to public safety that his history suggests.

For the reasons stated above, Mr. Childs has not carried his burden of demonstrating that an extraordinary and compelling set of circumstances warrants compassionate release. His health and personal and family circumstances are not extraordinary, and the factors that lead the court to determine that the sentence imposed on him was necessary to address properly the section 3553(a) considerations have not changed in any material way. Accordingly,

Mr. Childs's motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied. The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. section 3582(c)(1)(A) (Compassionate Release).

In light of the Court's denial of his motion for compassionate release, Mr. Childs's request for appointment of counsel to brief the motion is denied as moot.

Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Childs.

This Memorandum Order resolves docket entry number 30.

SO ORDERED.

Dated: New York, New York
April 9, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed To:    Anthony Childs, #86359-054
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501